## Marzacco v. Crossley (No. 2)

*Patrick H. Fierro*, for plaintiff.
*Daniel F. Knittle*, for defendants.

WILLIAMS, P. J., January 29, 1963.—Plaintiff has brought this action in equity and asks that defendants be compelled to remove all defendant-owned tree limbs hanging over plaintiff's home causing damage.

## Findings of Fact

The chancellor makes the following findings of fact:

1. That plaintiff, Ross Marzacco, along with his wife, is the owner of a dwelling house at 2377 Riverside Drive.

2. That defendants, Glenn and Ruth Crossley, own a dwelling house at 2381 Riverside Drive.

3. That the dwelling house and appurtenant land of defendants adjoin on the west with the dwelling house and appurtenant land of the plaintiff.

4. That seven large pine and spruce trees are growing on the land of defendants and near the property line of plaintiff.

5. That branches from these seven large trees extend over the roof of plaintiff's house covering a goodly portion of said roof; that limbs from these trees hit the roof and make a noise from time to time; that in the winter time the said limbs drop on the roof; that pine needles and cones drop on the roof from these trees.

6. That damage has been done to the property of plaintiff because of said overhanging limbs in that the spouting has clogged up because of the falling needles and cones, causing water to gush over the house and causing a leaky condition in the house, and that this clogging up is a continuing matter; that said limbs cause a continuing dampness as to plaintiff's house.

## Discussion

There seems to be no question in this case that tree limbs attached to seven large trees on defendants' property have been overhanging the roof of plaintiff's property and have been doing damage. These trees

were planted near the property line. These overhanging limbs touch and spread over one of the roofs of plaintiff's house. There is no question in the court's mind that damage is being done and has been done in the past. These limbs have been a constant source of trouble to plaintiff.

The owner of ground upon which trees are growing may be compelled to remove the branches of such trees insofar as they overhang the property of an adjacent owner when some actual or sensible damage has been sustained: Ludwig v. Creswald, 7 D. & C. 2d 461. The damage in this case has been actual and sensible. Although the remedy of self-help may be used in cases such as this, equity will take a positive position even though this self-help has not been used. Tree trimming is an expensive proposition and certainly plaintiff should not have to pay to cut his neighbor's wandering trees. We are of the opinion that the overhanging branches in this case have become a nuisance insofar as plaintiff is concerned. We will, therefore, issue an injunction abating this nuisance.

The court makes the following conclusions of law:

## Conclusions of Law

1. That the branches of trees belonging to defendants overhang the dwelling of plaintiff in such a way as to do actual and sensible damage to the plaintiff and have created a nuisance.

## Decree of Court

And now, January 29, 1963, Glenn Crossley and Ruth Crossley, defendants, are hereby ordered and directed to abate the overhanging branches of trees belonging to them in such a way that these branches will do no harm to plaintiff. It is further ordered and decreed that defendants remove all branches on their trees which overhang the real estate of plaintiff.